## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

ASHLEY A. KIEFER,

      Plaintiff,

v.

PALM BEACH ENDODONTICS, P.A.,
a Florida profit corporation, and
STEPHEN GALLA, DMD, individually,

      Defendants.
_____/

### **COMPLAINT**

COMES NOW, the Plaintiff, ASHLEY A. KIEFER (hereinafter referred to as "Kiefer" or "Plaintiff"), by and through her undersigned counsel, and hereby files this lawsuit against Defendants, PALM BEACH ENDODONTICS, P.A., a Florida profit corporation and STEPHEN GALLA, DMD, individually, and as grounds therefore alleges as follows:

### **JURISDICTION, PARTIES AND VENUE**

1.      This matter in controversy concerns claims arising under Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §760.01, et. seq.; the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*., ("Title VII") for discrimination and retaliation; retaliation in violation of Section §448.102 (3) of the Florida's Whistleblower Act ("FWA"); Negligent Retention and Supervision; Battery related to an unwelcome sexual attack; and Intentional and Negligent Infliction of Emotional Distress. Plaintiff also brings a claim for her unpaid overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b).

2.      This court has original jurisdiction over this matter insofar as the matter involves

a federal question, namely violation of 29 U.S.C. §216(b) and the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*., (Title VII).

3.      This court has supplemental jurisdiction over Plaintiff's state court claims.

4.      At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, and is otherwise sui juris.

5.      Defendant, PALM BEACH ENDODONTICS, P.A. (hereinafter referred to as "PBE" or "Defendant") has a principal place of business at 11211 Prosperity Farms Road, B107, Palm Beach Gardens, FL 33410.

6.      Defendant PBE is an employer as that term is defined under the FLSA, FCRA; Title VII and FWA.

7.      Defendant, STEPHEN GALLA, DMD, (hereinafter referred to as "GALLA" or "Defendant") is believed to be a resident of Palm Beach County, Florida.

8.      Defendant GALLA was a dentist employed and/or contracted with Defendant PBE at all times material hereto.

9.      Defendant PBE maintains a location at 658 West Indiantown Road, Jupiter, Florida 33478 where Plaintiff worked.

10.     At all times material hereto, Defendants PBE and GALLA engaged in doing business in the state of Florida, including Palm Beach County.

11.     Venue is proper because Defendants do business in Palm Beach County, and the events giving rise to this cause of action occurred in Palm Beach County.

12.     At all times material hereto, Plaintiff was employed with PBE in Palm Beach County.

## EXHAUSTION OF REMEDIES

13.     Prior to initiating this Complaint, on September 7, 2022, Plaintiff filed a charge of discrimination with both the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). (**See true and correct copy of said Charge of Discrimination attached hereto as Exhibit 1).**

14.     More than one-hundred and eighty days (180) have passed since Plaintiff filed her charge with the FCHR.

15.     The FCHR has taken no action on her charge and more than 180 days have elapsed since the filing of the charge.

16.     The EEOC issued its Right to Sue on December 15, 2022. This lawsuit is being filed within 90 days of said date. (**See true and correct copy of said Right to Sue Notice attached hereto as Exhibit 2**).

## COMMON ALLEGATIONS

17.     While employed at PBE, Plaintiff suffered sexual battery, harassment, gender discrimination, and retaliation.

18.     Dr. GALLA is an employee and or agent of PBE.

19.     Plaintiff began employment at PBE on October 14, 2019, and continued until her separation on February 23, 2023.

20.     Plaintiff initially worked in PBE's Palm Beach Gardens office, but about two (2) years into her employment, she was moved to PBE's Jupiter office.

21.     While working in PBE's Jupiter office, Plaintiff worked alongside GALLA.

22.     Dr. GALLA supervised and directed the work of Plaintiff.

23.     He evaluated her performance, gave feedback and discussed bonuses.

24.     While Dr. GALLA was the lead clinical personnel at the Jupiter office and as such was authorized to direct and control the workplace, pay bonuses, discipline and recommend discipline, as well as direct the care of patients. Plaintiff was obligated to follow his directives and orders. For all purposes, Dr. GALLA was Plaintiff's clinical director and manager.

25.     Immediately upon working in the office, Plaintiff learned that the Jupiter PBE office was rife with sexual conversations, led by GALLA. Plaintiff shrugged it off and at times tried laugh or play along to fit in. Other times, Plaintiff ignored GALLA's sexual statements, such as when he asked her if her message in Spanish meant she was "cumming." (**See Text Message, attached hereto as Exhibit 3**).

26.     But the situation changed when Plaintiff she became the target of sexual harassment by GALLA, who began making inappropriate comments in sexual nature directly towards Plaintiff. One day that same month, October 2021, Plaintiff was working at PBE as a receptionist and finishing office paperwork. All of the other PBE employees had left PBE's offices that day and Plaintiff and GALLA were alone in the office.

27.     GALLA sexually assaulted Plaintiff.

28.     Specifically, as Plaintiff was reviewing a patient chart with GALLA in his office, he asked her what she was doing that weekend. He told her that if she ended up not doing anything, then she should make up a lie to her fiancé about where she was going and come to his house. Plaintiff questioned why she would go to GALLA's home on the weekend and he told her that other girls from the office had been to his house before on the weekend.

29.     GALLA then approached Plaintiff and tried to kiss her. Plaintiff was in shock and confused about what was occurring.

30.     GALLA dropped his pants and exposed his genitals to Plaintiff. Plaintiff noticed

that GALLA's testicles were enlarged and that his penis was not fully erect.

31.     GALLA forced Plaintiff's head down to his groin by grabbing Plaintiff by the hair. Plaintiff objected by trying to yell for him to "stop" multiple times, but GALLA was able to force his penis into her mouth. GALLA grabbed Plaintiff by the head and made her perform oral sex on him.

32.     After a short while, Plaintiff felt a liquid stream in her mouth and GALLA let go.

33.     After GALLA redressed himself, he sternly warned Plaintiff that she must remain silent about the incident, telling Plaintiff that "I am threatening your life, if you tell anyone, I will deny it in a court of law. I will make up a story and say that you said it was OK."

34.     GALLA's knowledge of Plaintiff's personal information obtained through his role as a PBE agent made the threat much more intimidating; she feared if she failed to keep silent about the assault then both of their safety would be at risk. Plaintiff reluctantly accepted GALLA's warning in an attempt to quell further aggression and protect those closest to her, telling him, "just let me leave, I won't tell anyone."

35.     After GALLA left Plaintiff's presence, Plaintiff gathered her personal belongings and fled the office.

36.     While Plaintiff continued to work in PBE's Jupiter office after the assault, she endeavored to never be left alone in the office with GALLA again. Plaintiff took extra measures by asking her coworkers for assistance in order to avoid being alone with GALLA to quell her fear of being alone with him in the office. She remained in fear of what he could or would do to her.

37.     Two (2) months after the assault, on December 10, 2021, GALLA continued his predatory pursuit of Plaintiff, telling her that he would give her a higher bonus if she agreed to perform sexual acts on him (oral sex). Plaintiff refused.

38.     Days later, on December 14, 2021, while Plaintiff was climbing a cabinet in the office to re-start PBE's computer system, Plaintiff felt a hand grabbing her buttocks. Plaintiff looked down to see GALLA fondling her with a smile.

39.     Less than two months after this incident, on Friday February 4, 2022, GALLA again attempted a sexual assault in the evening work hours. It began with GALLA asking Plaintiff if she wanted a drink and she said "no." Then, GALLA asked if she wanted a kiss and she rebuffed, "no, why would I want that?" GALLA then walked back to his office and Plaintiff continued to work at her desk with her head down. She did not see or hear GALLA approach, but looked up to see GALLA walking towards her with his pants dropped, exposing his penis. Again, GALLA grabbed Plaintiff by the back of the head and pushed her mouth towards his groin. However, this time, Plaintiff was able to push GALLA away before he secured his grip on her, telling him firmly "no." GALLA stood between Plaintiff and the door and told Plaintiff to "swear on your mother's grave that you will never tell anyone." Plaintiff agreed, in fear. GALLA then warned, "snitches get stitches." The office phone line then rang, Plaintiff quickly picked up the phone and began talking to a client. GALLA left the office.

40.     The next business day, on Monday February 7, 2022, Plaintiff arrived to work, only to be confronted by GALLA, who continued to make inappropriate comments to her.

41.     That same day, an officer from the Jupiter Police Department had a dental emergency and called PBE to see if she could get on the schedule right away. Plaintiff answered the call and coordinated availability for her to come in for the emergency. She also realized this could be the opportunity for her to entrust her situation in a professional as she felt desperate yet unwilling to risk being further harmed by revealing the truth due to GALLA's threats. Plaintiff asked the officer if she could speak with her after her appointment and she told her to come to his

police cruiser. IN the privacy of the cruiser, Plaintiff confided in the officer about what had been going on with GALLA's sexual assaults. The officer encouraged Plaintiff to complain to her company and file a police report. She did so.

42.     Specifically, Plaintiff sought help from PBE's Practice Manager Jennifer Cesta (CESTA) by disclosing his GALLA's assaults and harassing behavior. CESTA asked Plaintiff if she would be returning back to work after her complaint and Plaintiff told her that she did not want to return back to PBE's Jupiter office with GALLA.

43.     Plaintiff was put on paid leave by PBE that day.

44.     The next day, February 8, 2022, Plaintiff also filed a formal complaint with the Jupiter Police Department outlining the assault.

45.     During the criminal investigation Dr. GALLA denied to law enforcement the allegations of sexual activity. He falsely stated, "I don't think there has been a time in the last 2 years we have been alone together." Yet, Plaintiff was often alone with GALLA as she was the only receptionist running the Jupiter location and was also left alone with him in the Palm Beach Gardens office until the patients had all left.

46.     While GALLA admitted to telling sexual jokes in the office,  he tried to describe his actions, as "just being stupid."

47.     After Plaintiff's complaint to PBE's CESTA, she understood that PBE was taking her complaints seriously by conducting a workplace investigation.

48.     On February 24, 2022, Plaintiff was ordered by PBE to return to work.

49.     Despite Plaintiff's serious facts disclosed to CESTA about the assault, PBE retained GALLA. Plaintiff was shocked to learn that PBE chose to retain GALLA.

50.     While she could work in the Palm Beach Gardens location there would be days

she would interact with GALLA. The Plaintiff was deeply disturbed by the thought of working with GALLA, particularly due to PBE's knowledge of his predatory behavior.

51.     She posed an understandable concern to CESTA regarding being expected to collaborate with him again and received merely a response about shift rotation as her only form of reassurance. In other words, Plaintiff would still be forced to work alongside GALLA, despite her complaints.

52.     Plaintiff was even more dismayed about the situation as she had witnessed GALLA's treatment towards other females in the office and was concerned that his sexual harassment towards her was more of a widespread incident that was not being remedied by PBE. For example, Plaintiff once observed GALLA grab the buttocks of another female employee while in the breakroom and heard him make comments complaining about PBE hiring another female employee with "no ass and nothing for me to look at all day." Plaintiff also learned from CESTA that there were concerns by PBE that GALLA was trying to engage in sexual relationships with other female employees in the workplace, too. GALLA himself admitted this to Plaintiff telling him that other female coworkers had given him oral sex at work and that "no one needs to know."

53.     Faced with the difficult decision of whether to remain in an unsafe workplace or leave her means of financial security with a newborn child, Plaintiff chose to involuntarily resign from PBE on February 23, 2022. Despite voicing concerns about GALLA's predatory behavior and pleas for help from PBE's management, no meaningful action was taken by the company.

54.     Upon information and belief, GALLA remains employed with PBE.

55.     On September 7, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) alleging hostile work environment, sexual harassment, gender discrimination,

constructive termination, and retaliation.

56.    The EEOC conducted an investigation of the allegation. As part of that investigation, PBE submitted a position statement, which contradicted GALLA's earlier statement to the police, including his statement that he was never alone with Plaintiff at any time.

**COUNT I**
**BATTERY**
**As to Defendant GALLA**

57.    Plaintiff incorporates by reference allegations 1-56 of this Complaint as if set forth fully herein.

58.    GALLA supervised Plaintiff throughout her employment.

59.    As the supervising physician, he was in a position of power over her continued employment.

60.    During Plaintiff's employment, GALLA sexually battered Plaintiff on at least two occasions, including by grabbing her and, on one occasion, forcing her to have oral sex.

61.    Defendant GALLA did willfully and unlawfully touch Plaintiff with the intent of bringing offensive contact to Plaintiff.

62.    Defendant GALLA did actually and intentionally touch Plaintiff and did intentionally cause bodily harm to in violation of Fla. Stat. Ann. § 784.03

63.    These actions constitute a battery.

64.    At all times relevant hereto, Defendant GALLA was acting in the course and scope of his employment, as the incident occurred in Defendant PBE's workplace, during work hours with the approval and/or acquiescence of Defendant PBE so as to impose individual liability on Defendant GALLA.

65.    Because of GALLA's actions, Plaintiff suffered damages as a result of Defendant's

conduct, by and through its agents, employees, and/or representatives.

66.     Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct.

67.     Plaintiff will seek leave to assert punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, emotional damages, prejudgment interest, punitive damages, and such other relief as the Court deems just and proper.

### COUNT II
### BATTERY
### VICARIOUS LIABILTY AGAINST PBE

68.     Plaintiff incorporates by reference allegations 1-56 of this Complaint as if set forth fully herein.

69.     Plaintiff was an employee of Defendant at the time of the battery.

70.     Defendant GALLA, at the time of the battery, was a supervising agent of PBE.

71.     GALLA committed a battery upon Plaintiff by grabbing her, and forcing her to have oral sex.

72.     PBE is vicariously liability for the actions of its physician, as he was in a position of power over PLAINTIFF's continued employment.

73.     Defendant GALLA did actually and intentionally touch Plaintiff and did intentionally cause bodily harm in violation of Fla. Stat. Ann. § 784.03

74.     These actions constitute a battery.

75.     The incident occurred at Defendant PBE's workplace, during work hours with the approval and/or acquiescence of PBE so as to impose liability on Defendant PBE pursuant to the doctrine of *respondeat superior*.

76.     As a result of GALLA's conduct, imputed to  PBE,  Plaintiff suffered damages.

77.     As a direct and proximate result of Defendants willful, knowing, and intentional actions, Plaintiff has suffered and will continue to suffer damages including, loss of reputation, pain and suffering, humiliation, extreme and severe emotional distress and mental anguish; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities. As a result, Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest; that Plaintiff be awarded the costs of this action, and that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT III
## FALSE IMPRISONMENT
### As to Defendant GALLA

78.     Plaintiff incorporates by reference allegations 1 - 56 of this Complaint as if set forth fully herein.

79.     On or about February 4, 2022, GALLA unlawfully detained Plaintiff in PBE's Jupiter office, denying her of her liberty to freely leave.

80.     GALLA unlawfully detained Plaintiff in PBE's office against her will.

81.     GALLA unlawfully detained Plaintiff without legal authority or color of authority to do so.

82.     GALLA's unlawful detention of Plaintiff was unreasonable and unlawful under the circumstances, especially as he did so in order to threaten her against disclosing his sexual assault.

83.     As a direct and proximate result of the intentional wrongful conduct described above, Plaintiff suffered compensatory damages including: embarrassment, inconvenience, emotional pain and suffering, mental anguish and mental distress, all are continuing in nature.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor against Defendant as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest; that Plaintiff be awarded such other relief as the Court deems just and proper.

### COUNT IV
### NEGLIGENT SUPERVISION AND RETENTION
### As to Defendant PBE

84.     Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

85.     At all times material hereto, GALLA was under the supervision and control of Defendant either directly or through its agents.

86.     Defendant either directly or through its agents, negligently retained and supervised GALLA.

87.     Despite this knowledge, Defendant failed to exercise reasonable care in retaining and supervising GALLA, allowing him to harass, discriminate against, assault, and make unwanted sexual advances toward Plaintiff.

88.     During the course of employment, Defendant became aware (or should have become aware) of the problems with  GALLA  which indicated his unfitness for managerial duties and/or employment, and the Defendant failed to take prompt action into investigating, or further action as to discharge or reassignment.

89.     In so far as these actions took in front of other agents of the company and Defendant was otherwise aware of the agent's behavior, Defendant failed to redress his behavior and otherwise failed to protect their employees from the agent's violative, assaulting, harassing, and illegal conduct.

90.     Defendant's failure to redress the agent's conduct and failure to address the increasing hostile environment and unsafe working conditions resulted in further harm to Plaintiff and was unreasonable.

91.     Defendant had a duty to act on its knowledge of the behavior and inappropriate conduct of the agent and its failure to do so constitutes a violation of the duty they owed to Plaintiff and the other employees of the Defendant.

92.     Defendant caused the conduct in that it failed to adequate train GALLA, failed to address his behavior, and otherwise condoned conduct that caused harm to Plaintiff. Defendant also failed to reassign Plaintiff from working with GALLA upon learning of his assault.

93.     Plaintiff suffered damages from the Defendant's failure to redress GALLA's conduct.

94.     Plaintiff suffered damages including emotional distress as well as embarrassment due to the acts described above.

95.     Plaintiff's damages included experiencing emotional distress that was so severe it manifested into physical injuries.[1]

96.     As a direct and proximate result of the intentional wrongful conduct described above, Plaintiff suffered compensatory damages including: embarrassment, inconvenience, emotional pain and suffering, mental anguish and mental distress, all are continuing in nature.

---

[1] Due to privacy concerns and the Court's redaction rules, Plaintiff provided Defendant additional details of these physical injuries in a non-public forum.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor against Defendant as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest; that Plaintiff be awarded such other relief as the Court deems just and proper.

### COUNT V
### NEGLIGENT SUPERVISION AND RETENTION
### As to Defendant GALLA

97.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

98.    At all times material hereto, GALLA was under the supervision and control of Defendant either directly or through its agents.

99.    Defendant either directly or through his agents, negligently retained and supervised GALLA.

100.    Despite this knowledge, Defendant failed to exercise reasonable care in retaining and supervising GALLA, allowing him to harass, discriminate against, and make unwanted sexual advances toward Plaintiff.

101.    Defendant caused the conduct in that it failed to adequate train GALLA, failed to address his behavior, and otherwise condoned conduct that caused harm to Plaintiff.

102.    Plaintiff suffered damages from the Defendant's failure to redress the conduct of GALLA.

103.    Plaintiff suffered damages including emotional distress as well as embarrassment due to the acts described above.

104.    Plaintiff's damages included experiencing emotional distress that was so severe it manifested into physical injuries.

105.    As a direct and proximate result of the intentional wrongful conduct described

above, Plaintiff suffered compensatory damages including: embarrassment, inconvenience,

emotional pain and suffering, mental anguish and mental distress, all are continuing in nature.

    **WHEREFORE**, Plaintiff prays that judgment be entered in her favor against Defendant

as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest;

that Plaintiff be awarded such other relief as the Court deems just and proper.

**COUNT VI**
**SEXUAL HARASSMENT**
**HOSTILE WORK ENVIRONMENT AND QUID PRO QUO**
**FLORIDA STATUTE § 760.01, et. seq.**
**FLORIDA CIVIL RIGHTS ACT**
**As to Defendant PBE**

    106.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth

fully herein.

    107.    Plaintiff contends that she has been discriminated against on the basis gender.

    108.    Plaintiff is a female.

    109.    Plaintiff contends Defendant engaged in discriminatory conduct on the basis of her

gender by maintaining and condoning a hostile work environment.

    110.    Defendant PBE is an employer as defined in the FCRA, Fla. Stat. § 760.01(7).

    111.    Defendant PBE employs fifteen (15) or more employees for each working day as

part of its daily operation.

    112.    Plaintiff contends that the Defendant PBE has a policy, pattern, and practice of

allowing harassing, discriminatory treatment of women.

    113.    During Plaintiff's employment, she experienced sexual harassment including:

    a.    GALLA offering Plaintiff a higher bonus if she agreed to give him oral sex

    b.    Physical assault

    c.   Sexually charged comments

    d.   A workplace rife with sexual innuendos and sexually charged conversation

114.    Plaintiff contends that Defendant PBE failed to follow its policies preventing and remedying acts for harassment and discrimination on the basis of gender.

115.    The actions from her manger were unwelcome, severe, and pervasive such that Plaintiff reasonably objectively and subjectively was harassed on the basis of her gender.

116.    As a result of Defendant PBE's failure to provide a workplace free from harassment, Plaintiff suffered damages.

117.    Defendant PBE knew or should have known that Plaintiff was being harassed by Defendant and its agents, employees and/or representatives.

118.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing harassing treatment on the basis of her gender in violation of the FCRA.

119.    Plaintiff filed a charge of discrimination and otherwise exhausted her remedies.

120.    Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known.  At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

121.    Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

122.    As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

123.    Plaintiff has suffered damages including compensatory damages for wage loss,

front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

124.    Plaintiff's damages included experiencing emotional distress that was so severe it manifested into physical injuries.

125.    Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the FCRA.

126.    As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

127.    Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

128.    Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired.  (See Exhibit 2).

129.    Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

**COUNT VII**
**DISPARATE TREATMENT UNDER**
**FLORIDA STATUTE § 760.01, et. seq.**
**FLORIDA CIVIL RIGHTS ACT**
**As to Defendant PBE**

130.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

131.    Plaintiff contends that she has been discriminated against on the basis gender.

132.    Plaintiff is a female.

133.    Plaintiff contends Defendant engaged in discriminatory conduct on the basis of her gender.

134.    Defendant is an employer as defined in the FCRA, Fla. Stat. § 760.01(7).

135.    Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

136.    Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of women.

137.    During Plaintiff's employment, she experienced discrimination and adverse actions due to her gender including:

    a.   GALLA offering Plaintiff a higher bonus if she agreed to give him oral sex

    b.   Physical assault

    c.   Sexually charged comments

    d.   A workplace rife with sexual innuendos and sexually charged conversation

    e.   threats of violence if Plaintiff disclosed the sexual harassment or assault

    f.   placing Plaintiff on a forced absence  following her complaints

    g.   Being subjected to a schedule which would require her to continue to work with

GALLA following her complaint

h.  Constructive termination and

i.  Not supporting or protecting Plaintiff after her complaints.

138.   Plaintiff contends that Defendant failed to follow its policies preventing discrimination.

139.   As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

140.   Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly situated employees by Defendant and its agents, employees and/or representatives.

141.   By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of her gender in violation of the FCRA.

142.   Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known.  At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

143.   Plaintiff suffered disparate treatment including but not limited to termination.

144.   Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

145.   As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

146.   Plaintiff's damages included experiencing emotional distress that was so severe it

manifested into physical injuries.

147.     Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

148.     Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the FCRA.

149.     As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

150.     Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

151.     Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired.  (See Exhibit 1).

152.     Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

**COUNT VIII**
**RETALIATION UNDER**
**FLORIDA STATUTE § 760.01, et. seq.**
**FLORIDA CIVIL RIGHTS ACT**
**As to Defendant PBE**

153.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

154.   Plaintiff engaged in protected activities in that she objected to her discriminatory treatment and complained about gender discrimination during her employment.

155.   Following Plaintiff's objections and complaints (a/k/a protected activities) Plaintiff was terminated.

156.    Plaintiff contends that her complaints and objections to discrimination constitute protected activities under the Florida Civil Rights Act, Florida Statute §760.

157.    Plaintiff contends that she was subjected to such adverse employment treatment including but not limited to being forced to endure a harassing environment and her constructive termination as a result of and in retaliation for engaging in her complaints.

158.    Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit. *See* Exhibit 1.

159.    Plaintiff contends that her complaints are causally related to the disciplinary actions.

160.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation of the Florida Civil Rights Act, Florida Statute §760.

161.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against

her which are not yet fully known.  At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

162.    Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

163.    Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

164.    Plaintiff's damages included experiencing emotional distress that was so severe it manifested into physical injuries.

165.    As a further and direct proximate result of the Defendant's violation of the Florida Civil Rights Act, Florida Statute §760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

166.    Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of her rights.

167.    As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees be awarded pursuant to Fla. Statute §760.11.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest, punitive damages, emotional damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the FCRA; and that Plaintiff be awarded such other relief as the Court deems just and proper.

**COUNT IX**
**SEXUAL HARASSMENT**
**HOSTILE WORK ENVIRONMENT AND QUID PRO QUO**
**IN VIOLATION OF 42 U.S.C. §2000e**
**TITLE VII**
**As to Defendant PBE**

168.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

169.    Plaintiff contends that she has been discriminated against on the basis gender.

170.    Plaintiff is a female.

171.    Plaintiff contends Defendant engaged in discriminatory conduct on the basis of her gender by maintaining and condoning a hostile work environment.

172.    Defendant PBE is an employer as defined in the TITLE VII, Fla. Stat. § 760.01(7).

173.    Defendant PBE employs fifteen (15) or more employees for each working day as part of its daily operation.

174.    Plaintiff contends that the Defendant PBE has a policy, pattern, and practice of allowing harassing, discriminatory treatment of women.

175.    During Plaintiff's employment, she experienced sexual harassment including:

a.    GALLA offering Plaintiff a higher bonus if she agreed to give him oral sex

b.    Physical assault

    c.   Sexually charged comments

    d.   A workplace rife with sexual innuendos and sexually charged conversation

176.    Plaintiff contends that Defendant PBE failed to follow its policies preventing and remedying acts for harassment and discrimination on the basis of gender.

177.    The actions from Defendant GALLA were unwelcome, severe, and pervasive such that Plaintiff reasonably objectively and subjectively was harassed on the basis of her gender.

178.    As a result of Defendant PBE's failure to provide a workplace free from harassment, Plaintiff suffered damages.

179.    Defendant PBE knew or should have known that Plaintiff was being harassed by Defendant and its agents, employees and/or representatives.

180.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing harassing treatment on the basis of her gender in violation of the TITLE VII.

181.    Plaintiff filed a charge of discrimination and otherwise exhausted her remedies.

182.    Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known.  At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

183.    Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

184.    As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

185.    Plaintiff's damages included experiencing emotional distress that was so severe it

manifested into physical injuries.

186.    Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

187.    Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the TITLE VII.

188.    As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

189.    Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

190.    Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired.  (See Exhibit 1).

191.    Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the TITLE VII; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the TITLE VII; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT X
## DISPARATE TREATMENT
## IN VIOLATION OF 42 U.S.C. §2000e
## TITLE VII
## As to Defendant PBE

192.     Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

193.     Plaintiff contends that she has been discriminated against on the basis of her gender.

194.     Plaintiff is a female.

195.     Plaintiff contends Defendants engaged in discriminatory conduct on the basis of her gender.

196.     Defendant PRC is an employer as defined in Title VII.

197.     Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

198.     Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment of women.

199.     During Plaintiff's employment she experienced discrimination and adverse actions due to her gender:

   a.   GALLA offering Plaintiff a higher bonus if she agreed to give him oral sex

   b.   Physical assault

   c.   Sexually charged comments

   d.    workplace rife with sexual innuendos and sexually charged conversation

   e.   threats of violence if Plaintiff disclosed the sexual harassment or assault

   f.   placing Plaintiff on a force  leave of absence following her complaints

   g.   Being subjected to a schedule which would require her to continue to work with

GALLA following her complaint

h.  Constructive termination and

i.  Not protecting her or supporting her after she complained.

200.  Plaintiff contends that Defendant failed to follow its policies preventing discrimination.

201.  As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

202.  Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

203.  By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of her gender in violation of Title VII.

204.  Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known.  At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

205.  Plaintiff suffered disparate treatment including but not limited to termination.

206.  Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

207.  As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

208.  Plaintiff's damages included experiencing emotional distress that was so severe it

manifested into physical injuries.

209.    Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

210.    Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under Title VII.

211.    As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as her counsel.

212.    Plaintiff requests that she be awarded reasonable attorney's fees and costs of suit pursuant to Title VII.

213.    Plaintiff has exhausted her administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and filed this action within 90 days of the right to sue notice.  (See Exhibit 1).

214.    Plaintiff suffered injury and seeks damages for her general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, emotional damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII and, that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT XI
## RETALIATION
## IN VIOLATION OF TITLE VII
## As to Defendant PBE

215.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

216.    Plaintiff engaged in protected activities in that she objected to her discriminatory treatment and complained about discrimination during her employment.

217.    Following Plaintiff's objections and complaints (a/k/a protected activities) Plaintiff was subject to a schedule that would require her to continue working with GALLA and constructively terminated. She was not protected or defended by her employer after she complained.

218.    Plaintiff contends that her complaints and objections to discrimination constitute protected activities under Title VII.

219.    Plaintiff contends that she was subjected to such adverse employment treatment including but not limited to her forced leave, constructive termination and failure to be repositioned as a result of and in retaliation for engaging in her complaints.

220.    Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit. *See* Exhibit 1.

221.    Plaintiff contends that her complaints are causally related to the disciplinary actions.

222.    By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation Title VII.

223.    Plaintiff is informed and believes, and based thereon alleges, that in addition to

the practices enumerated above, Defendant may have engaged in other retaliatory practices against her which are not yet fully known.  At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

224.    Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

225.    Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

226.    As a further and direct proximate result of the Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

227.    Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of her rights.

228.    Plaintiff's damages included experiencing emotional distress that was so severe it manifested into physically injuries including causing Plaintiff to suffer from headaches, sleepless nights, stomach issues and physical symptoms of anxiety, colitis, diverticulitis, leaky gut, stress, complex PTSD, loss of interest in sex, and flashbacks.

229.    As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests

that her attorney's fees be awarded pursuant to Title VII.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, emotional damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to Title VII; and that Plaintiff be awarded such other relief as the Court deems just and proper.

**COUNT XII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**As to Defendant GALLA**

230.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

231.    GALLA supervised Plaintiff throughout her employment.

232.    During Plaintiff's employment, GALLA intentionally or recklessly inflicted mental suffering upon Plaintiff with the following conduct:

a.   GALLA offering Plaintiff a higher bonus if she agreed to give him oral sex

b.   Physical assault

c.   Subjecting Plaintiff to sexually charged comments

d.   Subjecting Plaintiff to a workplace rife with sexual innuendos and sexually charged conversation

e.   Threats of violence by GALLA if Plaintiff disclosed the sexual harassment or assault

f.   Placing Plaintiff on a forced leave and constructive discharge following her complaints

g.   Subjecting Plaintiff to a schedule which would require her to continue to work with

GALLA following her complaint

233.    GALLA's conduct as described above was so outrageous and so extreme in degree that it went beyond all bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society.

234.    GALLA had actual or apparent authority over Plaintiff as her supervisor to affect his sexual interests in her.

235.    Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

236.    Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct.

237.    Plaintiff's damages include experiencing emotional distress that was so severe it manifested into physical injuries.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, emotional damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT XIII
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## As to Defendant PBE

238.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

239.    Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

240.    Defendant PBE hired Plaintiff on or about October 14, 2019 as a receptionist.

241.    Plaintiff regularly worked over forty (40) hours in a given work week.

242.    Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

243.    After Plaintiff transferred to the Jupiter location, PBE told Plaintiff she was not able to a lunch break. The Jupiter location had fewer employees and it was required that someone be in the office at all times.

244.    While in the Jupiter location, Plaintiff worked from 7:50 a.m. until at least 5:30 p.m., but sometimes Plaintiff would work beyond 5:30 p.m. if there were late patients.

245.    Defendant PBE only paid Plaintiff for 40 hours per week, despite the fact she worked over 40 hours, and on several occasions at least 48.5 hours per week.

246.    Plaintiff's hourly rate was $20.00, her overtime rate was $30.00/hour. She is owed the hours she worked in excess of 40 per week.

247.    Plaintiff's job duties were such that she herself was individually engaged in commerce.

248.    Plaintiff was a non-exempt employee under the FLSA and are otherwise entitled to overtime payments.

249.    Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

250.    Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

251.    Defendant failed to compensate Plaintiff up to one and a half times hour hourly rate for all worked performed in excess of forty (40) hours in a work week.

252.    Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

253.    Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

254.     Defendant's, failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding three (3) year period.

255.    As a direct and proximate result of the Defendant, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

256.    As a result, Plaintiff, is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

257.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

258.    As a result of Defendant's, conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendant as follows: that Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

**COUNT XIV**
**RETALIATION**
**IN VIOLATION OF § 448.102(3)**
**FLORIDA WHISTLEBLOWER ACT (FWA)**

260.    Plaintiff incorporates by reference allegations 1- 56 of this Complaint as if set forth fully herein.

261.    During employment, Plaintiff engaged in protected activity under the WBA including when:

a.   She objected to GALLA's sexual assault during her employment.

b.   When she complained to CESTA on February 7, 2022, about GALLA's sexual assault.

262.    Plaintiff's objection constitutes protected activity under Section 448.102(3), Florida Statutes.

263.    Plaintiff objecting to information that she understood and reasonably believed to be against Florida and federal law, including a violation of Title VII and the Florida Civil Rights Act, as well as criminal law. Plaintiff reasonably believed she had a right to speak out against the illegal actions.

264.    As a result of her protected activities, Plaintiff suffered adverse employment action in that she was subjected to a schedule that would require her to continue working with GALLA and then she was constructively terminated.

265.    Plaintiff's objection and adverse treatment by Defendant are causally related.

266.    The Defendant's conduct violates the FWA.

267.    The conduct of the Defendant deprived Plaintiff of her rights under the FWA to object to participation in unlawful conduct without fear from retaliation.

268.     As a direct, natural, foreseeable, and proximate result of these actions and inactions of the Defendant, Plaintiff has suffered damages, including not limited to, the violation of his statutory rights, loss of reputation, back pay, and special damages including attorney's fees and costs, and compensatory damages.  All of above injuries and losses are continuing and permanent in nature.

269.     As a direct and proximate result of the Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered, and will continue to suffer, damages including but not limited to, lost wages, pain and suffering, humiliation, extreme and severe emotional distress, and mental anguish; Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment-related benefits and job opportunities.  As a result, Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

270.     Plaintiff seeks compensatory damages including back wages, reinstatement or front pay, as well as non-economic damages in an amount to be determined by a jury.

271.     As a further direct and proximate result of the Defendant's violation, Plaintiff has been compelled to retain the services of the undersigned law firm.  Plaintiff will incur, and continue to incur, reasonable attorney's fees and costs.

272.     Plaintiff requests that attorney's fees, costs, and expenses be awarded pursuant to Section 448.104, Florida Statutes.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages; front pay or reinstatement in lieu of front pay; back pay; prejudgment interest; reasonable attorney's fees and costs pursuant to Section 448.104, Florida Statutes; and any such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury for all matters so triable.

Dated this 14th day of March 2023.

SCOTT LAW TEAM, LLC
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottLawTeam.com